File No. 2.521

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT COURT OF ILLINOIS - EASTERN DIVISION**

ACUITY, a mutual insurance company,

*Plaintiff*,

v.

THE HOME DEPOT USA, INC. and ELAINE HEFALLA

*Defendants*.

Case No.: 1:24-cv-11124

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, ACUITY, a mutual insurance company ("Acuity"), by its attorneys, Joseph P. Postel and Jacob C. Beaupre of Lindsay, Pickett & Postel, LLC, and for its Complaint for Declaratory Judgment (pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq*.) against the Defendants, THE HOME DEPOT USA, INC. ("Home Depot") and ELAINE HAFALLA ("Ms. Hafalla"), alleges as follows.

**Nature of the Action**

1. In this action, Acuity seeks a declaration that it does not owe a duty to defend or indemnify Home Depot with respect to an underlying lawsuit, styled as *Elaine Hafalla v. Home Depot USA, Inc. et al.*, case No. 2024 LA 000501, currently pending in state court in the Circuit Court of Will County, Illinois (the "underlying lawsuit"). Specifically, Home Depot does not qualify as an additional insured under the Acuity policy's additional insured endorsement for owners, lessees or contractors which only applies to bodily injury occurring during ongoing operations.

## The Parties

2. Acuity is a mutual insurance corporation, organized under the laws of the State of Wisconsin, specifically Wis. Stat. Ann. § 611.01 *et seq*., and is headquartered in Sheboygan, Wisconsin. Acuity is therefore a citizen of the state of Wisconsin.

3. Home Depot is a corporation, organized under the laws of the State of Delaware, and is headquartered in Atlanta, Georgia. Home Depot is therefore a citizen of the State of Delaware and the State of Georgia.

4. Upon information and belief, Ms. Hafalla resides in Illinois and is, therefore, a citizen of the State of Illinois. Ms. Hafalla is joined as a defendant to this suit only to bind her to the judgment sought. Acuity seeks no relief from her.

## Jurisdiction and Venue

5. The jurisdiction of this Court is premised upon 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties (*see,* ¶¶ 2, 3, and 4, above) and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. The underlying lawsuit seeks to recover "an amount greater than $75,000." In addition, at issue here is whether Acuity owes coverage for not only the amount sought in recovery, but also for the cost of defending Home Depot in the underlying lawsuit, which will presumably be in the tens of thousands of dollars.

6. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred within the geographic boundaries of the Northern District of Illinois, Eastern Division.

7. An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

**The Underlying Lawsuit**

8. On June 21, 2024, Ms. Hafalla filed a lawsuit ("the underlying lawsuit") against Home Depot, JJ 68 Construction, Inc. ("JJ 68"), and Cornerstone Building Brands. Inc. d/b/a Simonton Windows and Doors, Inc. A true and correct copy of the complaint filed in the underlying lawsuit is attached hereto as **Exhibit A**.

9. The underlying lawsuit alleges that Ms. Hafalla purchased a new window from a Home Depot store located in Bolingbrook, Illinois.

10. The underlying lawsuit alleges that JJ 68 installed the window at Ms. Hafalla's home on or about May 31, 2022.

11. The underlying lawsuit alleges that sometime between May 31, 2022 and September 11, 2022, Ms. Hafalla noticed that the subject window was missing a latch. The underlying lawsuit alleges that JJ 68 performed repairs to the window but it did not resolve all the latch defects with the window.

12. The underlying lawsuit alleges that on September 11, 2022, Ms. Hafalla attempted to open the subject window but the latch did not properly hold, causing the window to fall and strike Ms. Hafalla in the face. The underlying lawsuit alleges that Ms. Hafalla suffered a concussion and a broken nose among other injuries as a result of the incident.

13. The underlying lawsuit alleges three counts against Home Depot for negligence, strict liability, and breach of warranty.

14. On July 24, 2024, Home Depot tendered its defense and indemnification to Acuity as an additional insured on a policy of insurance issued by Acuity to JJ 68.

**The Acuity Policy**

15. Acuity issued JJ 68 a business liability policy, numbered ZJ0749, effective March 14, 2022 through March 14, 2023, with liability limits of $1,000,000 per occurrence (the "policy"). A true and correct copy of the policy is attached hereto as **Exhibit B**.

16. The Acuity policy is intended to be interpreted as a whole, but for the convenience of the Court and counsel, Acuity sets forth certain pertinent provisions from the policy.

17. The policy contains the following coverage grant:

> **BIS-PAK BUSINESS LIABILITY AND MEDICAL EXPENSES COVERAGE FORM**
>
> ***
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person qualifying as a Named Insured under this policy.
>
> **LIABILITY AND MEDICAL EXPENSES COVERAGES**
>
> 1. **Business Liability**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury*, *property damage* or *personal and advertising injury* to which this insurance applies. We will have the right and duty to defend the insured against any *suit* seeking those damages. However, we will have no duty to defend the insured against any suit seeking damages for bodily injury, property damage or personal and advertising injury to which this insurance does not apply.***

18. The policy further contained only one additional insured endorsement for owners, lessees or contractors which provides as follows:

> **ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**
>
> This endorsement modifies insurance provided under the following:
>
> BIS-PAK BUSINESS LIABILITY AND MEDICAL EXPENSES COVERAGE FORM
>
> 1. Who Is An Insured is amended to include as an additional insured:

a. Any person(s) or organization(s) for whom you are performing operations when you and such person(s) or organization(s) have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy; and

b. Any other person(s) or organization(s) you are required to add as an additional insured under the contract or agreement described in paragraph a above.

Such person(s) or organization(s) is an additional insured only with respect to liability for *bodily injury*, *property damage* or *personal and advertising injury* caused, in whole or in part, by:

a. Your acts or omissions; or

b. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

2. With respect to the insurance afforded these additional insureds, the following additional exclusions apply:

This insurance does not apply to:***

b. *Bodily injury* or *property damage* occurring after:

(1) All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

(2) That portion of *your work* out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

* * * *

**Coverage Allegations**

**Count I**
**No Duty To Defend Or Indemnify Home Depot**

19. Acuity incorporates by reference paragraphs 1 through 18, as if set forth fully herein.

20. Acuity does not owe a duty to defend or indemnify Home Depot against the underlying lawsuit because it does not qualify as an additional insured on the Acuity policy under the additional insured endorsement for contractors, lessees or contractors which only applies to "bodily injury" occurring during JJ 68's ongoing operations.

21. Specifically, the underlying lawsuit does not allege "bodily injury" occurring during JJ 68's ongoing operations. Rather, the underlying lawsuit alleges "bodily injury" occurring after JJ 68 had installed and otherwise completed its work on the window.

22. To the extent there are other bases on which Acuity can properly deny coverage, Acuity reserves the right to plead them in the future.

23. Accordingly, Acuity does not owe a duty to defend or indemnify Home Depot against the underlying lawsuit.

WHEREFORE, Plaintiff, ACUITY, a mutual insurance company, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify HOME DEPOT USA, INC. against the allegations of the underlying lawsuit filed by ELAINE HAFALLA, under the Acuity policy, and for such other and further relief as this Court deems fair and just under circumstances.

Respectfully submitted:
LINDSAY, PICKETT & POSTEL, LLC

By: /s/ Joseph P. Postel
Joseph P. Postel, One of the
Attorneys for Acuity

Joseph P. Postel ARDC # 6189515
jpostel@lpplawfirm.com
312-800-6008
Jacob C. Beaupre # 6335547
jbeaupre@lpplawfirm.com
312-625-9306
LINDSAY, PICKETT & POSTEL, LLC
200 W. Madison Street, Suite 3850
Chicago, IL 60606